**UNITED STATES of America, Plaintiff,**

v.

**Curtis L. WILKS, Defendant.**

**No. 84–CR–11.**

United States District Court, E.D. Wisconsin.

Feb. 11, 1985.

Jan Kearney, Asst. U.S. Atty., Milwaukee, Wis., for plaintiff.

Louis B. Aderman, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

WARREN, District Judge.

Presently before the Court in this matter is the defendant's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, the habeas corpus statute for prisoners in federal custody. Consistent with the Court's scheduling order of August 16, 1984, the motion has been briefed and is now ripe for resolution.

The Court, having reviewed the parties' motion papers and carefully considered their respective arguments, concludes, for the reasons stated below, that the motion must be denied.

## BACKGROUND

On December 8, 1983, a criminal complaint and warrant were issued in this case, charging that on December 2, 1983, the defendant, Curtis Lee Wilks, took $8,201.00 from the M & I Northern Bank, 3536 West Fond du Lac Avenue, Milwaukee, Wisconsin, and, in so doing, assaulted the teller and put her life in jeopardy by the use of a dangerous weapon, all in violation of 18 U.S.C. § 2113(a) & (d). A one-count criminal indictment on the same charge was issued on January 17, 1984.

A three-day jury trial was held before this Court in March of 1984, throughout which the defendant was represented by Attorney Louis B. Aderman. The Government was represented by Assistant United States Attorney Jan E. Kearney. On March 30, 1984, the jury returned a verdict of guilty, and the defendant was so adjudged.

On May 16, 1984, the Court held a hearing for the purpose of sentencing the defendant. As before, Attorney Aderman appeared for the defendant and Assistant United States Attorney Jan E. Kearney

appeared on behalf of the United States. The Court, pursuant to its well-established procedure, permitted the defendant and Attorneys Aderman and Kearney to make statements with respect to the proper sentencing disposition. Based on their remarks and it own consideration of the presentence report and the nature of the subject crime, the Court sentenced the defendant to ten (10) years in the custody of the Attorney General or his authorized representative. The Court noted that the sentence was imposed pursuant to 18 U.S.C. § 4205(b)(2). *See Transcript of Proceedings* at 12 (May 16, 1984). The Court also explained the defendant's right to appeal and the filing requirements attendant on any timely appeal. *See Transcript of Proceedings* at 12–13 (May 16, 1984).

On June 25, 1984, the defendant filed a motion for a reduction of sentence, pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. This motion and the accompanying memoranda in support and opposition were carefully considered by the Court, as was the Government's opposing brief. The motion was denied by the Court's *Decision And Order* of July 16, 1984.

On August 14, 1984, the defendant filed the present motion, pursuant to 28 U.S.C. § 2255, requesting the Court to vacate, set aside, or correct his sentence. In the memorandum in support of this motion, the defendant raises four related grounds which purportedly support the relief he requests—namely, that he was denied effective assistance of counsel; that improper procedures were used during sentencing; that hearsay evidence was relied on by the Court in imposing sentence, and that inconsistent assessments of his mental competence have been made throughout his criminal prosecution and incarceration. The Government has filed a brief, opposing the motion on all four grounds.

## 28 U.S.C. § 2255 AND THE MERITS OF THE DEFENDANT'S PRESENT MOTION

Section 2255 of Title 28 of the United States Code provides, in pertinent part, as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence ...

If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

As indicated above, the defendant has articulated four arguments in support of his present motion. Because several of the substantive issues the movant raises by his motion are apparently offered in support of more than one of the related bases upon which he seeks relief, the Court will address each of the defendant's particular contentions absent consistent reference to the four principal grounds upon which he moves.

The petitioner's first—and perhaps primary argument—is that he was denied effective assistance of counsel before, during, and after trial. Specifically, the defendant alleges that error was committed by his retained counsel in refusing to pursue a plea agreement, in compelling the defendant to testify at trial, in failing to object to certain prosecution evidence, and in purportedly advising the defendant that his right to appeal must be waived. *Defendant's Memorandum In Support Of Motion* at 1–2 (August 14, 1984).

As counsel for the Government accurately notes in her opposing brief, the Court of Appeals for the Seventh Circuit has recently articulated clear standards to be used by trial courts in addressing a § 2255 challenge like the present. In *United States v. Payne*, 741 F.2d 887, 891 (7th Cir.1984), the circuit court stated that ineffective assistance claims must be evaluated in light of the purpose of the Sixth Amendment's right to counsel, which is to ensure a fair trial, as follows:

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." ... To establish that his counsel's conduct was constitutionally defective, a defendant now is required to show both that the conduct was deficient and that this deficiency prejudiced the result ...

To establish that counsel's conduct was deficient, the defendant must show counsel's specific acts or omissions which, viewed from the perspective of counsel at the time of trial, fell below the standard of reasonable professional assistance .... In making such a showing, defendant must overcome the presumptions that counsel's conduct amounted to sound trial strategy ..., and that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." ... To satisfy the second prong, that counsel's deficient conduct was prejudicial, defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" [citations omitted].

*See also United States v. Noble*, 754 F.2d 1324 at 1335–36 (7th Cir.1985) (citing *Strickland v. Washington*, — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) for standards to be applied in evaluating Sixth Amendment ineffective assistance claims).

■ Even assuming that defense counsel in this case committed the several errors alleged—an assumption, as discussed below, wholly unsupported by the record—there is nothing to indicate that the disposition of the defendant's case would have been different had they not occurred. The evidence of the defendant's guilt, as adduced at trial, was overwhelming; indeed, the defendant himself testified to his participation in the robbery for which he was indicted and discussed in some detail the nature of the travels and drug purchases that followed. Because the Court finds no basis upon which the jury's finding of guilt might reasonably be attacked as inappropriate or misguided, it must conclude that the movant has utterly failed to establish a probability that, but for the alleged errors, the disposition of his case would have been different. Accordingly, the Court rejects the defendant's contention that he was somehow denied effective assistance of counsel.

■ The Court's conclusion in this regard is further supported by its findings that none of the so-called errors committed by defense counsel "fell below the standard of reasonable professional assistance." *United States v. Payne*, 741 F.2d 887, 891 (7th Cir.1984). With respect to his claim that counsel ineffectively handled matters regarding his competency to stand trial, the defendant is surely aware that his attorney properly brought this very issue to the Court's attention prior to trial. Indeed, at counsel's request, the defendant was examined by Dr. Donald Radke, who, pursuant to 18 U.S.C. § 4244, found him competent to understand the proceedings against him and able to assist in his own defense. Beyond that, defense counsel raised the defendant's mental condition at the time of the robbery as a principal defense against the crime charged. The mere fact that the jury chose to reject that defense does not mean that counsel ineffectively handled matters arising from the defendant's self-proclaimed incompetence.

Closely related to this untenable argument is the defendant's principal contention

that he was "found to be incompetant [sic] during the overt act ... yet now at the United States Medical Center for Federal Prisoners ... is found to be considered competent, normal and sane and has been released from Doctors care." *Defendant's Memorandum In Support Of Motion* at 2 (August 14, 1984). As the Court has just observed, the defendant's claims of mental incompetence were rejected both by the examining physician prior to trial and by the jury itself at the close of all proceedings. The fact that physicians employed by the institution at which the defendant is now incarcerated apparently concur in the previous findings as to the defendant's mental state in no sense supports the present petition to vacate, set aside, or correct the sentence imposed.

■ The defendant further maintains that his attorney wrongfully advised him that he had no right to appeal his conviction. Although the Court is inclined to disbelieve that defense counsel, well-schooled in the criminal law and practicing in the field for much of his career, improperly advised the movant of his appellate rights, it nonetheless rejects the present claim on the basis that the defendant was specifically and advised of his right to appeal by the Court at the sentencing hearing of May 16, 1984. The pertinent remarks of the Court at that time were as follows:

> I also am required by law to advise the defendant of his right to appeal since there was a trial in this matter. If unable to pay the costs of an appeal, counsel, the defendant may apply for relief to appeal in forma pauperis. You are also informed, Mr. Wilks, that if you so request, the Clerk of Court shall prepare and forward forthwith a Notice of Appeal on your behalf.

> The defendant is also advised that if after consultation with his attorney, he decides not to appeal, then the defendant and his attorney shall sign and file a written statement that he had been advised of his right to appeal and does not desire to appeal.

> Any Notice of Appeal must be filed with the Clerk of Court within ten days of the date of sentencing, and I would opine that in view of his particular circumstances, why I would make the execution of the sentence forthwith so that he is remanded to the custody of the Marshal. I will put on the commitment order a recommendation that he be given a thorough mental examination and then recommend also that his period of initial incarceration be at Springfield where they do have psychiatric facilities and the ability to deal with his kind of problem.

> Are there any questions?

*Transcript of Proceedings* at 12–13 (May 16, 1984). In short, the defendant's argument that he was not aware of his appellate rights is wholly unfounded.

■ With respect to the information presented to the Court at the sentencing hearing, the defendant further argues that his counsel failed to object to hearsay evidence and that the Court should not have considered such evidence in reaching its sentencing decision. The apparent basis for the movant's position in this regard is that the Court inquired of the defendant at the time of sentencing whether he had any knowledge of harassing phone calls apparently received by the bank teller from the time of the jury's verdict of guilty in this matter. The Court's inquiry in this regard was prompted by information received by the United States Probation Office that the victim teller, whose testimony was a critical element of the Government's case, had received such threats.

In response, the defendant denied that he or any of his family members or friends were responsible for the harassing phone calls. In fact, subsequent to the sentencing hearing, the Federal Bureau of Investigation apparently determined that the timing of the calls received by the teller was entirely coincidental and not related to the present defendant's criminal prosecution. *See Affidavit* of Jan E. Kearney at 1–2 (September 4, 1984). Moreover, the Assistant United States Attorney prosecuting this matter now urges that the record be amended to reflect that the defendant in

this case was not responsible for the threatening phone calls received by the victim teller.

Recognizing that this matter perhaps provides the basis for the strongest argument in support of the defendant's § 2255 petition, the Court nonetheless confirms that the inconclusive reports of threatening phone calls had absolutely no effect on its decision to sentence the defendant to a ten-year term of incarceration. The defendant's unequivocal denial of any involvement in the initiation of any harassing phone calls, coupled with the Court's own equivocal observation regarding responsibility for those calls, *see Transcript of Proceedings* at 11 (May 16, 1984), establishes that the subject information was not determinative of the Court's sentencing disposition. Accordingly, the Court will decline to vacate, set aside, or correct the defendant's sentence on this basis. *See Hampton v. United States,* 504 F.2d 600, 604 (10th Cir.1974), *cert. denied,* 421 U.S. 917, 95 S.Ct. 1578, 43 L.Ed.2d 783 (1975).

The other procedural error at sentencing with which the Court is charged is its purported failure to follow the disposition guidelines set forth in 18 U.S.C. § 4205(b). While the Court, as described above, made a specific recommendation as to parole under that statute, its sentencing disposition was in no manner violative of the provisions incorporated therein. The defendant's mistaken belief to the contrary cannot form the basis for § 2255 relief.

█ Finally, the defendant apparently contends that his attorney prevented him from entering into a plea agreement with the Government and instead compelled him to testify in his own behalf, all the time aware of the defendant's mental incompetence. As before, the Court must reject as wholly unsupported any claim to ineffective assistance of counsel on these grounds. Despite its serious doubts as to the factual support for the two claims, the Court finds that all of the defendant's ineffective assistance claims must be viewed in the context of his failure to complain about the nature of his defense by retained counsel during pretrial, trial, and post-trial pro-

ceedings and his decision not to appeal his conviction. Parenthetically, the Court notes that the United States Court of Appeals for the Seventh Circuit has held that where no appeal is taken or the appellate process is exhausted, a petitioner moving under § 2255 on some new issue must show good cause for his or her failure to raise it on appeal and must demonstrate some actual prejudice as a result of this failure. *Norris v. United States,* 687 F.2d 899, 902–903 (7th Cir.1982).

Under the circumstances of the present case, the defendant is entirely unable to demonstrate a factual basis for any of the errors allegedly committed by his attorney or that counsel's purportedly deficient conduct prejudiced him in any manner. Likewise, as discussed above, the Court finds no basis in its own supervision of the prosecution and defense of this criminal matter to support the defendant's contention that the sentence imposed was "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255.

### CONCLUSION

For the reasons articulated herein, the Court hereby DENIES the defendant-petitioner's motion for an order vacating, setting aside, or correcting his sentence, pursuant to 28 U.S.C. § 2255.